## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID E. MARTIN, JR.**                     **CIVIL ACTION**

**versus**                                   **NO. 06-2783**

**BURL CAIN**                                **SECTION: "A" (6)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, David E. Martin, Jr., is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On May 27, 1999, he was found guilty of second degree murder in violation of Louisiana law.[2]  On July 14, 1999, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[3]  On May 11, 2001, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[4]  He did not seek review of that judgment by the Louisiana Supreme Court.

On or after December 12, 2002, petitioner filed with the state district court an application for post-conviction relief.[5]  That application was denied on March 6, 2003.[6]  He then filed a related writ application with the Louisiana First Circuit Court of Appeal which was denied on July 28, 2003.[7]  He did not seek review of that judgment by the Louisiana Supreme Court.

---

[2]  State Rec., Vol. III of V, transcript of May 27, 1999, p. 73; State Rec., Vol. I of V, minute entry dated May 27, 1999; State Rec., Vol. I of V, jury verdict form.

[3]  State Rec., Vol. III of IV, transcript of July 14, 1999, p. 4; State Rec., Vol. I of V, minute entry dated July 14, 1999.

[4]  State v. Martin, No. 2000 KA 2078 (La. App. 1st Cir. May 11, 2001) (unpublished); State Rec., Vol. IV of V.

[5]  State Rec., Vol. IV of IV.  Petitioner signed that application on December 12, 2002.  State Rec., Vol. IV of VII.  Therefore, it could not have been given to prison authorities for mailing and considered "filed" under the state "mailbox rule" prior to that date.  See Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006) (a federal habeas court must apply the state "mailbox rule" when determining the filing date of state court documents).

[6]  State Rec., Vol. IV of V, Order dated March 6, 2003.

[7]  State ex rel. Martin v. State, No. 2003 KW 1130 (La. App. 1st Cir. July 28, 2003) (unpublished); State Rec., Vol. IV of V.

On or after December 28, 2004, petitioner filed with the state district court a second application for post-conviction relief.[8]  That application was likewise denied on January 19, 2005.[9]  He did not seek review of that judgment by the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court.

On or after March 14, 2005, petitioner then filed with the state district court a third application for post-conviction relief.[10]  That application was denied on April 4, 2005.[11]  Again, he did not seek review of that judgment by the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court.

Undeterred, petitioner filed with the state district court a fourth application for post-conviction relief on or after June 24, 2005,[12] and a fifth such application on or after October 6, 2005.[13]  The state court record submitted in this proceeding does not indicate whether rulings were ever issued with respect to those applications.

On May 12, 2006, petitioner filed the instant federal application for *habeas corpus* relief.  In support of his application, petitioner claims that (1) he received ineffective assistance of

---

[8] State Rec., Vol. IV of V. Petitioner signed that application on December 28, 2004.

[9] State Rec., Vol. IV of V, Order dated January 19, 2005.

[10]  State Rec., Vol. IV of V.  Petitioner signed that application on March 14, 2005.

[11]  State Rec., Vol. IV of V, Order dated April 4, 2005.

[12]  State Rec., Vol. IV of V.  Petitioner signed that application on June 24, 2005.

[13]  State Rec., Vol. IV of V.  Petitioner signed that application on October 6, 2005.

counsel at trial, at sentencing, and on appeal, and (2) the prosecution withheld exculpatory material from the defense.

The state argues that petitioner's federal application is subject to dismissal both because he failed to exhaust his state court remedies and because his federal application is untimely. The state is correct.[14]

### Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner does not indicate in his federal application that he has sought review of his claims by the Louisiana Supreme Court, and the state court record submitted for this Court's review

---

[14] The Court further notes in passing that, in any event, petitioner's underlying claims have no merit. Although petitioner claims that he received ineffective assistance of counsel at trial, at sentencing, and on appeal, he does not explain in what respects his counsel was allegedly ineffective. It is clear that such "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000); see also Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Likewise, with respect to his remaining claim that the prosecution withheld exculpatory evidence, he does not specify what evidence was allegedly withheld, much less meet his burden to prove that it was in fact withheld, exculpatory, and material in the constitutional sense. Therefore, that claim necessarily fails. See DiLosa v. Cain, 279 F.3d 259, 262-63 (5th Cir. 2002); Parker v. 24th Judicial District Court, Civ. Action No. 06-10551, 2007 WL 2893852, at *7 (E.D. La. Sept. 27, 2007).

includes no Louisiana Supreme Court filings or rulings.  Additionally, a staff member of this Court contacted the Louisiana Supreme Court's Office of the Clerk of Court by telephone on November 8, 2007, and was informed that the court's computerized database showed that no writ applications of any kind have been filed by petitioner in that court regarding the instant conviction or sentence. Therefore, the state is correct in arguing that petitioner's federal application is subject to dismissal on the ground that he failed to exhaust his state court remedies prior to seeking relief in federal court.

However, as noted, the state also argues that petitioner's federal application is untimely.  For the following reasons, this Court agrees and recommends that petitioner's federal application be dismissed with prejudice on that basis.

<u>Timeliness</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[15]

On May 11, 2001, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence.  Therefore, at the latest, the underlying state criminal judgment in this case became final on June 11, 2001, when his period expired for filing a writ application with the

---

[15]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

- 5 -

Louisiana Supreme Court to challenge the judgment of the Court of Appeal.[16]  Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired one year later, i.e. on June 11, 2002, unless that deadline was extended through tolling.

The Court first looks to statutory tolling.  The AEDPA provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, petitioner had no state court filings whatsoever pending before the state courts at any time during the period of June 11, 2001, through June 11, 2002.[17]

The Court notes that the United States Fifth Circuit Court of Appeals has held that, in rare and exceptional circumstances, the AEDPA's statute of limitations also can be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d

---

[16]  Louisiana Supreme Court Rule X, § 5(a), provides that a writ application challenging such a judgment must be filed within thirty days.  Because the thirtieth day, June 10, was a Sunday, petitioner had until the following Monday, June 11, 2001, to file his writ application in the Louisiana Supreme Court.  See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[17]  Although petitioner subsequently filed five state post-conviction applications, those applications have no bearing on the timeliness of his federal application because they were filed after the statute of limitations had already expired.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof

to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir.

2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and

this Court knows of no reason that would support equitable tolling of the statute of limitations

regarding his federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal

application for *habeas corpus* relief had to be filed on or before June 11, 2002, in order to be timely.

Petitioner's federal application was not filed until May 12, 2006,[18] and it is therefore untimely.[19]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus*

relief filed by David E. Martin, Jr., be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation contained in a magistrate judge's report and recommendation within 10 days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

---

[18]  Petitioner signed his federal application on May 12, 2006.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[19]  Nevertheless, even if the District Court determines that petitioner's federal application was timely filed, the undersigned notes that the application is still subject to dismissal, as previously noted in this opinion, because petitioner failed to exhaust his state court remedies and because his underlying claims have no merit.

- 7 -

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

banc).

       New Orleans, Louisiana, this    19th    day of November, 2007.

**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**